**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:_____

GREGORY DEFEYTER, an individual,

      Plaintiff,

v.

15C CLUB, INC., d/b/a 15C CLUB MARTINI & CIGAR BAR, a Colorado corporation; and
ALAN J. PAK, an individual,

      Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Gregory DeFeyter, through counsel, Lewis Kuhn Swan PC, complains as follows:

**<u>INTRODUCTION</u>**

1.    This proceeding seeks damages to redress violations of Plaintiff's rights under the

Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Colorado state law.

**<u>PARTIES</u>**

2.    Plaintiff Gregory DeFeyter ("Mr. DeFeyter") is an individual residing in Scottsdale,

Arizona. Mr. DeFeyter previous lived and worked in Colorado Springs, Colorado.

3.    Defendant 15c Club, Inc., d/b/a 15c Club Martini & Cigar Bar ("15c") is a

corporation organized under the laws of the State of Colorado with its principal place of business

in Colorado Springs, Colorado.

4.    Defendant Alan J. Pak ("Mr. Pak") (15c and Mr. Pak shall collectively be referred

to as "Defendants") is an individual who resides in Colorado Springs, Colorado. Mr. Pak is the owner and President of 15c and has the sole power to, and in fact does, control and implement its pay practices.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 as this action is brought under the FLSA.

6.      This Court has supplemental jurisdiction for the claims asserted under Colorado state law in that the state law claims are part of the same case and controversy as the FLSA claim, the federal and state claims derive from a common nucleus of operative facts, the state claims will not substantially dominate over the FLSA claim, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the unlawful conduct complained of herein arose and occurred in the District of Colorado.

## GENERAL ALLEGATIONS

8.      15c is a business entity that operates a lounge and bar serving alcoholic beverages and cigars.

9.      Mr. DeFeyter worked for 15c in the years 2014 and 2015 as a bartender.

10.      During the year 2014, Mr. Pak classified Mr. DeFeyter as an independent contractor instead of an employee. Mr. Pak repeatedly and publicly admitted he did so to save money.

11.      Given the nature of Mr. Pak's control over Mr. DeFeyter, it was improper for Mr. Pak to have classified Mr. DeFeyter as an independent contractor. Mr. DeFeyter was, instead, an employee of the entity.

12.    Mr. DeFeyter did not supervise other employees, did not exercise discretion and independent judgment with respect to matters of significance, and did not perform work related to the overall management of the business. As such, Mr. DeFeyter was non-exempt from the overtime requirements of the FLSA.

13.    As an FLSA non-exempt employee, Mr. DeFeyter should have been entitled to receive compensation at a rate of not less than one-and-one-half his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

14.    Mr. DeFeyter frequently worked in excess of forty (40) hours per workweek. For example, Mr. DeFeyter worked in excess of forty (40) hours during the week of November 17, 2014.

15.    Mr. DeFeyter did not receive overtime compensation to which he was entitled.

16.    Mr. DeFeyter directly raised to Mr. Pak directly his concerns about Defendants' failure to properly pay him the overtime compensation to which he was entitled. Mr. Pak, despite being aware of Defendants' failure to properly pay Mr. DeFeyter the overtime compensation to which he was entitled, willfully continued to fail to pay to him such compensation.

<u>**FIRST CLAIM FOR RELIEF**</u>
**Fair Labor Standards Act**
**(29 U.S.C. §§ 201 *et seq.*)**
**(Mr. DeFeyter v. 15c and Mr. Pak)**

17.    Mr. DeFeyter incorporates by reference all preceding paragraphs of this Complaint.

18.    At all times relevant to this Complaint, 15c was an employer within the meaning of the FLSA.

19.    At all times relevant to this Complaint, Mr. Pak was an employer within the meaning of the FLSA.

20.    At all times relevant to this Complaint, Defendants employed Mr. DeFeyter within the meaning of the FLSA.

21.    Mr. DeFeyter routinely worked in excess of forty (40) hours per workweek during his employment and was thus entitled to overtime compensation at a rate of not less than one-and-one-half his regular rate of pay.

22.    Mr. DeFeyter did not receive overtime compensation to which he was entitled.

23.    Defendants' violations of the FLSA were willful because, among other things, they were well aware of their legal obligation to pay overtime compensation because, upon information and belief, they employ individuals to whom they have paid overtime premiums, Mr. DeFeyter notified Mr. Pak that his position entitled his to overtime pay, and Mr. DeFeyter reported his hours (including his hours in excess of forty (40) per workweek) to Defendants.

24.    Defendants failed to make, keep, and preserve records with respect to Mr. DeFeyter sufficient to determine the wages, hours, and other conditions and practices of his employment in violation of the FLSA.

25.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA pursuant to 29 U.S.C. § 255(a).

26.    Due to Defendants' FLSA violations, Mr. DeFeyter is entitled to recover from Defendants unpaid overtime compensation, actual and liquidated damages, including 15c's share of FICA, FUTA, Colorado unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, and costs and disbursements of his action pursuant to 29 U.S.C. § 216(b), in an amount to be proven at trial for which 15c and Mr. Pak are liable.

## SECOND CLAIM FOR RELIEF
### Colorado Minimum Wage Order
### (7 CCR § 1103-1)
### (Mr. DeFeyter v. 15c)

27.     Mr. DeFeyter incorporates by reference all preceding paragraphs of this Complaint.

28.     At all times relevant to this Complaint, 15c employed Mr. DeFeyter within the meaning of the Colorado Minimum Wage Order, 7 CCR § 1103-1.

29.     15c willfully violated the Colorado Minimum Wage Order by failing to pay Mr. DeFeyter at a rate not less than one-and-one-half of his regular rate of pay for each hour he worked in excess of forty (40) per workweek and/or twelve (12) in any workday.

30.     Due to 15c's Colorado Minimum Wage Order violations, Mr. DeFeyter is entitled to recover from 15c unpaid overtime compensation, actual damages, including 15c's share of FICA, FUTA, Colorado unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, and costs and disbursements of this action pursuant to the Colorado Minimum Wage Order, in an amount to be proven at trial for which 15c is liable.

## THIRD CLAIM FOR RELIEF
### Colorado Wage Act
### (Colo. Rev. Stat. § 8-4-103(6))
### (Mr. DeFeyter v. 15c)

31.     Mr. DeFeyter incorporates by reference all preceding paragraphs of this Complaint.

32.     At all times relevant to this Complaint, 15c employed Mr. DeFeyter within the meaning of the Colorado Wage Act, Colo. Rev. Stat. § 8-4-103(6).

33.     15c willfully withheld tips Mr. DeFeyter earned on both payroll spreadsheets and on the personal checks distributed for employee tips.

34.     Mr. DeFeyter, as required, properly sent a wage demand to Defendants, a copy of

which is attached hereto.

35.     Due to 15c's illegal withholding of tips, Mr. DeFeyter has been damaged in an amount to be proven at trial for which 15c is liable.

## PRAYER FOR RELIEF

WHEREFORE, Mr. DeFeyter prays for the following relief:

1.     Judgment in his favor on his claims for relief;

2.     Nominal, pecuniary, actual, and compensatory damages;

3.     Liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation;

4.     Costs and expenses of this action together with attorneys' and experts' fees;

5.     Damages representing Defendants' share of FICA, FUTA, Colorado unemployment insurance, and any and all other required employment taxes;

6.     Pre- and post-judgment interest at the maximum rate permitted by applicable law; and

7.     Any and all such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. DeFeyter hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted this 10th day of October, 2016.

LEWIS | KUHN | SWAN PC
*(Signed Original on File at Lewis Kuhn Swan PC)*

*/s/ Andrew E. Swan*
Paul F. Lewis
Michael D. Kuhn
Andrew E. Swan
620 North Tejon Street, Suite 101
Colorado Springs, CO 80903
Telephone:     (719) 694-3000
Facsimile:     (866) 515-8628
Email:         plewis@lewiskuhnswan.com
               mkuhn@lewiskuhnswan.com
               aswan@lewiskuhnswan.com

*Attorneys for Plaintiff*

Plaintiff's Address
10302 E Bahia Drive
Scottsdale, AZ 85255